UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MARIE STUPKA, | ) | CASE NO. 1:19-cv-2305 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| DEFENDANT. | ) | |

Plaintiff Tina Marie Stupka ("Stupka" or "plaintiff") appeals from the final decision of the Commissioner of Social Security ("Commissioner"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge David A. Ruiz for the preparation of a Report and Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 15.) Plaintiff has filed objections to the R&R (Doc. No. 16 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 17 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

I. **BACKGROUND**

Stupka filed her application on June 22, 2016. (Doc. No. 10 (Administrative Transcript ["TR"]) at 231–37.[1]) She alleged disability beginning July 15, 2010.[2] (*Id*. at 231.) The

---

[1] For convenience, citations to the administrative transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

[2] The R&R erroneously lists June 30, 2010 as the disability onset date. (*See* R&R at 1341.)

application was denied initially, and upon reconsideration. Stupka requested a hearing before the ALJ. The hearing, at which Stupka appeared with counsel, was conducted on April 10, 2018. The hearing transcript is in the record. (*Id*. at 35–93.).

On September 6, 2018, the ALJ issued his decision. (*Id*. at 13–34.) The ALJ found that plaintiff had severe impairments of "cervical spondylosis, thoracolumbar degenerative disc disease with radiculopathy, status post right great toe fracture and fusion, depressive disorder, and anxiety[.]" (*Id.* at 19.) But the ALJ also determined that these impairments did not meet or equal any listed impairment, and that Stupka retained the residual functional capacity ("RFC") to perform a range of light work with certain specific limitations. (*Id*. at 19–28.) The ALJ concluded that Stupka could perform her past work as a housekeeping cleaner and was, therefore, not disabled. (*Id*. at 28–29.).

Stupka timely filed the instant action, seeking judicial review. Stupka, represented by counsel, filed a brief on the merits (Doc. No. 11 ["Pl. Merits Br."]), the Commissioner filed a response brief on the merits (Doc. No. 13 ["Def. Merits Br."]), and Stupka filed a reply. (Doc. No. 14 ["Pl. Reply"].) On December 29, 2020, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence.

**II. DISCUSSION**

    **A.    Standard of Review**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The

3

findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### B. Plaintiff's Objections and Analysis

Plaintiff raises two objections to the R&R, relating to the ALJ's failure to take into consideration her need for a cane to assist with ambulation and the ALJ's determination that she could perform her past relevant work as a housekeeping cleaner. (Obj. at 1369–70.) These objections are substantially similar to the arguments advanced in her opening merits brief. (*See* Pl. Merits Br. at 1312–14 and 1317–19.) Even though plaintiff includes phrases like, "the Magistrate Judge states[,]" and "[t]he R&R further found[,]" she has simply repackaged her

original arguments from her opening merits brief into objections to the R&R. What's more, she fails to distinguish—or in one instance even acknowledge—the factual and legal bases upon which the magistrate judge rejected those arguments. It is well settled that a general objection, or one that merely restates the arguments previously presented, does not sufficiently invoke the Court's obligation of *de novo* review. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Nevertheless, to the extent that she has advanced specific objections, and in an abundance of caution, the Court shall address plaintiff's objections.

In her first objection, Stupka takes issue with the determination in the R&R that there is no objective evidence that plaintiff needed a cane for ambulation. (*See* R&R at 1354–58 (cited by Obj. at 1369).) She suggests that the R&R failed to consider the findings of medical providers that she suffered from back pain and contends that this evidence supported the observation by Dr. Neal Dayoub that plaintiff was ambulating with a cane. (Obj. at 1369 (citing TR at 1173).) She also points to hearing evidence that she was using a cane. (*Id.* (citing TR at 42 and 53–54).) Because she believes that the ALJ overlooked this evidence, she disagrees with the magistrate judge's conclusion that the ALJ's failure to consider her use of a cane in his RFC analysis was not error. (*Id*. at 1370.).

Once again, Stupka fails to cite or discuss Social Security Ruling 96-9p, which addresses the issue of hand-held assistive devices, and provides as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational

5

base will not ordinarily be significantly eroded.

Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). "If a cane is not medically necessary, it cannot be considered a restriction or limitation to the plaintiff's ability to work, *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002), and the administrative law judge is not required to reduce the claimant's RFC accordingly." *Lowe v. Comm'r of Soc. Sec.*, No. 2:15-cv-2837, 2016 WL 3397428, at *6 (S.D. Ohio June 21, 2016) (citing *Casey v. Sec'y of Health Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff argues that evidence in the medical records that she was observed using a cane to ambulate is sufficient to require the ALJ to incorporate its use into his RFC analysis. The Court disagrees. As set forth above, for a cane to be considered "medically required," SSR 96-9p requires that there be medical documentation that establishes that the cane is medically necessary and "describe[es] the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7. "[I]ndications in the medical records that Plaintiff was using a cane [are] insufficient to establish that the cane was medically required." *Parrish v. Berryhill*, No. 1:16-cv-1880, 2017 WL 2728394, at *12 (N.D. Ohio June 8, 2017), *report and recommendation adopted sub nom.*, *Parrish v. Comm'r of Soc. Sec.*, 2017 WL 2720332 (N.D. Ohio June 23, 2017)); *see, e.g., Golden v. Berryhill*, No. 1:18-cv-636, 2018 WL 7079506, at *18–20 (N.D. Ohio Dec. 12, 2018) (rejecting similar evidence as insufficient under SSR 96-9p), *report and recommendation adopted sub nom.*, *Golden v. Comm'r of Soc. Sec.*,

2019 WL 415250 (N.D. Ohio Feb. 1, 2019).[3]

According to Stupka, Dr. Dayoub's observation regarding her use of a cane is adequately supported by medical evidence demonstrating that she suffered from chronic back pain and leg pain. (Obj. at 1369 (citing TR at 1139 and highlighting Dr. Hedaya's "objective findings … that [she] had severe tenderness to palpation over the lumbar sacral spine and deep tendon reflexes [that] were depressed but symmetrical in the bilateral patella and ankle").) But medical evidence that is simply consistent with the use of a cane is also insufficient. The fact remains that "[p]laintiff has not pointed to 'any medical documentation establishing that a cane is medically necessary or describing the circumstances for which it is needed, as SSR 96-[9p] requires.'" *Rodgers-Eaches v. Comm'r of Soc. Sec.*, No. 1:20-cv-69, 2021 WL 164254, at *7 (S.D. Ohio Jan. 19, 2021) (rejecting similar evidence of back impairment and ankle pain as insufficient to establish medical need for a cane) (quoting *Krieger v. Comm'r of Soc. Sec.*, No. 2:18-cv-876, 2019 WL 1146356, at *6 (S.D. Ohio Mar. 13, 2019), *report and recommendation adopted,* 2019 WL 3955407 (S.D. Ohio Aug. 22, 2019)). Absent medical documentation demonstrating need and the circumstances for which the cane was needed, the ALJ was not required to include the cane in his RFC analysis.

The lack of showing required under SSR 96-9p is all the more pronounced given that the record is inconsistent, at best, as to Stupka's use of and need for a cane. In addition to the

---

[3] Stupka also points to the discussion in the administrative hearing, which included her own testimony, as to her use of a cane. (Obj. at 1369 (citing TR at 42 and 53–54).) But plaintiff's belief in the need for an assistive device does not constitute medical evidence that the cane was necessary. *See Mitchell v. Comm'r of Soc. Sec.*, No. 4:13-cv-1969, 2014 WL 3738270, at *12 (N.D. Ohio July 29, 2014) (finding plaintiff's testimony did not qualify as "medical documentation establishing the need" for a cane under SSR 96-9p); *Smith v. Astrue*, No. 2:11-cv-65, 2012 WL 4329007, at *8 (M.D. Tenn. July 16, 2012) ("Even if the ALJ had not discussed the use of the cane, Plaintiff failed to provide medical documentation of its requirement. The only evidence supporting a cane requirement comes from Plaintiff's testimony."), *report and recommendation adopted,* 2012 WL 4328993 (M.D. Tenn. Sept. 20, 2012).

evidence plaintiff highlights, there is also record evidence that plaintiff responded favorably to the application of a TENS unit, and that her physical limitations have not "prevented her from ambulating independently on a sustained basis[.]" (TR at 21, citing Ex. 11F.) *See Ross v. Comm'r of Soc. Sec.*, No. 2:17-cv-169, 2018 WL 580157, at *6 (S.D. Ohio Jan. 29, 2018) (substantial evidence supported ALJ determination that claimant did not medically require assistive device as records regarding use of a cane were inconsistent, she was observed ambulating normally without a cane, and no doctor offered opinion claimant needed a cane and did not describe circumstances in which claimant needed a cane), *report and recommendation adopted*, 2018 WL 1406826 (S.D. Ohio Mar. 21, 2018). Plaintiff has not carried her burden "to demonstrate through clinical evidence that a cane is medically necessary." *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-cv-1368, 2013 WL 3947160, at *2 (N.D. Ohio Aug. 1, 2013); SSR 96-9p, 1996 WL 374185, at *7; *see Scroggins v. Comm'r of Soc. Sec.*, No. 16-cv-11913, 2017 WL 4230650, at *4 (E.D. Mich. Sept. 25, 2017) (ALJ's conclusion that plaintiff failed to establish the need for a cane was reasonable, even though she testified she was prescribed a cane and documentation showed she received a cane where no medical source offered an opinion that the cane was needed and no medical documentation described circumstances in which a cane was required).[4] Her first objection is overruled.

In her second objection, Stupka challenges the findings in the R&R that the ALJ properly determined that she could perform her past relevant work. (Obj. at 1370 (citing R&R at 1365–

---

[4] In addition to an absence of a medical opinion that the cane was medically necessary, plaintiff has pointed to no record evidence that she was ever prescribed a cane. While a prescription is not necessary to establish the requisite medical need under SSR 96-9p, "[t]he lack of a prescription [] is an appropriate factor to consider as to whether substantial evidence supports the ALJ's decision that a cane was not medically necessary." *Krieger*, 2019 WL 1146356, at *5 (quoting *Swearengin v. Berryhill*, No. 3:17-cv-32, 2018 WL 5045216, at *4 n.4 (E.D. Tenn. Oct. 17, 2018)).

67).) During the administrative hearing, the vocational expert ("VE") testified that plaintiff's prior work at the Red Roof Inn as a housekeeper was unusual because she was periodically called upon to perform laundry services. (TR at 78.) The VE testified that plaintiff's prior job could be described as a composite job, with the housekeeping responsibilities requiring light work and the laundry duties requiring medium work. (*Id*.) However, the VE further testified that it was unusual for a housekeeping position to include laundry duties and added he had placed individuals in housekeeping positions that required no duties related to laundry services. (TR at 85.) According to the VE, a hypothetical individual with plaintiff's physical limitations would be able to perform the housekeeping position, so long as it did not include the medium exertion of laundry detail. (*See id*. at 83–84.).

Plaintiff posits that "it is clear from the testimony [of the VE] that [p]laintiff performed the job as a housekeeper as part of a composite job of housekeeper and laundry laborer. Since the laundry part of her past work was performed at the medium level of exertion, the ALJ's finding that she could return to her past work [with a limitation of light exertion] was not supported by substantial evidence." (Obj. at 1370.) Plaintiff's argument overlooks the fact that she must prove "'an inability to return to [her] former *type* of work and not to [her] former job.'" *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987) (quoting *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis in original)). "Former type" of work means the general kind of work, e.g., housekeeper, that plaintiff used to perform. *Id*. In other words, the ALJ must consider whether the claimant can perform the functional demands and job duties of the occupation as generally required by employees throughout the national economy. *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 557 (6th Cir. 1995) (citing SSR 82-61, 1982 WL

9

31387 (S.S.A. Jan. 1, 1982)).

"The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" SSR 82-62, 1982 WL 31386, at *3 (S.S.A. Jan. 1, 1982). Here, the VE testified that plaintiff could return to the type of work she had previously performed. (TR at 83–84.) Accordingly, the VE's testimony substantially supported the ALJ's determination that plaintiff could perform her past relevant work and comported with SSR 82-61 and SSR 82-62. Plaintiff's second objection is overruled.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB and SSI is supported by substantial evidence, the decision is affirmed and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: February 11, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**